LIBIN, ET AL., APPELLANTS, *v.* HUFFINE, ET AL.,
RESPONDENTS.
No. 9040.
Submitted October 11, 1950. Decided November 16, 1950.
224 Pac. (2d) 144.

Mr. Weymouth D. Symmes, Mr. J. E. McKenna, both of
Lewistown, for appellants.

Messrs. Murch and Wuerthner, Great Falls, Mr. C. W.
Buntin, Lewistown, for respondents.

MR. CHIEF JUSTICE ADAIR:

This cause is before this court at this time on a motion to dismiss the appeal for the reason that an appeal heretofore taken by the same parties from the same judgment was dismissed by order of this court at the June 1950 term and that such order is now *res judicata* herein.

Plaintiffs brought this suit against defendants in the district court of Fergus county, which court on February 21, 1950,

sustained defendants' demurrer to plaintiffs' amended complaint and on March 8, 1950, caused to be entered its judgment of dismissal. From such order and judgment plaintiffs appealed by serving upon defendants' counsel and, on April 10, 1950, filing in the office of the clerk of the district court, adquate notice of appeal. Thereafter plaintiffs wholly neglected and omitted to file any undertaking on appeal or to deposit any money in lieu thereof to cover damages and costs which may be awarded against them on the appeal or to file in this court any transcript of the record and there was no waiver of such requirements.

July 29, 1950, defendants served upon plaintiffs and filed in this court a written motion to dismiss the appeal because of plaintiffs' failure to file either undertaking or transcript on appeal. Plaintiffs filed no objections to the motion, nor brief in opposition thereto nor did they make any appearance whatever in this court in connection therewith and on August 4, 1950, this court made its certain order dismissing the appeal. See Libin v. Huffine, 220 Pac. (2d) 1062.

The order of dismissal is absolute in its terms. It contains no qualifications nor reservations nor does it state that it was made without prejudice to another appeal. Such unqualified and absolute dismissal is in effect an affirmance of the judgment and order appealed from. Specifically the dismissal is in effect an affirmance of the district court's order of February 21, 1950, sustaining defendants' demurrer and also an affirmance of the judgment of dismissal entered March 8, 1950, in the district court.

Plaintiffs filed no objections to this court's order dismissing the appeal nor did they apply for any modification thereof. Completely ignoring the proceedings had and order of dismissal made and entered against them in this court and delaying further action until the day on which the six months period after the entry of the judgment of dismissal in the district court would expire, the plaintiffs on September 8, 1950, filed in the office

of the clerk of the district court another notice of appeal from the same judgment together with an undertaking on appeal.

Urging that our prior order of dismissal renders the matter *res judicata* defendants have served and filed a motion for dismissal of plaintiffs' most recent appeal.

R. C. M. 1947, sec. 93-8020, provides: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

Where as here an appellate court has unqualifiedly affirmed a judgment of the trial court, it would obviously and unnecessarily protract litigation to allow further or successive appeals from the judgment so affirmed. Such successive appeals in fact would be appeals attempted to be taken from the decision of the appellate court itself.

More than a half century ago, this court held that a successive appeal "must be dismissed because it is one which is, in effect, from the judgment of this court." Kimpton v. Jubilee Placer Min. Co., 22 Mont. 107, at page 109, 55 Pac. 918, at page 919.

"A litigant has no right, as against the same adversary, to have a question, either of law or fact, relating to the same cause of action, twice adjudicated, in the same court or another court of like jurisdiction, unless re-examination of the question has been regularly ordered." Dunseth v. Butte Electric Ry. Co., 41 Mont. 14, 108 Pac. 567, 569, 21 Ann. Cas. 1258. Also see: In re Smith's Estate, 60 Mont. 276, 199 Pac. 696; Phelps v. Great Northern Ry. Co., 71 Mont. 56, 227 Pac. 65; Gaer v. Bank of Baker, 113 Mont. 116, 122 Pac. (2d) 828, and In re Anderson's Estate, 113 Mont. 125, 122 Pac. (2d) 832.

In 2 Freeman on Judgments, 5th Ed., sec. 639, pp. 1345, 1346, the author says: "The judgments of appellate courts are as conclusive as those of any other court. They not only establish facts, but also settle the law, so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause, and ·

364

they are res judicata in other cases as to every matter adjudicated''.

Had plaintiffs deemed themselves aggrieved by this court's order of dismissal, their remedy was to have promptly applied to this court to have the order of dismissal modified. Owsley v. Warfield, 7 Mont. 264, 17 Pac. 74. This plaintiffs neglected to do and at no time was this court asked to modify its order of dismissal.

It is an inflexible rule that our decision on a former appeal, whether right or wrong, is binding alike on the parties and the courts in the same action. Accordingly defendants' motion is granted and the appeal is dismissed.

ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN, METCALF and BOTTOMLY, concur.