LITTLE, Respondent *v.* LITTLE, et al., Appellants.
No. 9135.
Submitted March 25, 1953. Decided July 2, 1953.
259 Pac. (2d) 343.

Mr. Justice Angstman dissented.

Messrs. Rognlien & Murray, Kalispell, for appellants.

Messrs. Baldwin & Baldwin and Mr. T. H. MacDonald, Kalispell, for respondents.

Mr. Marshall H. Murray and Mr. MacDonald argued orally.

MR. JUSTICE BOTTOMLY:

This cause has been before this court in a previous proceeding, reported under the same title in 125 Mont. 278, 234 Pac. (2d) 832. In that opinion this court held:

1. That the judgment dated September 2, 1949, of the Benton County Court of Washington awarded to plaintiff, Winnifred A. Little, $1,000, *by way of alimony, in lieu of all other payments for her interest in the community property of the parties.*

2. That whatever interest the plaintiff had in the Spartan house trailer was merged in the judgment and decree of the Benton County Court dated September 2, 1949.

3. That this suit is on that foreign judgment and for the debt obligation therein imposed.

4. That the instant action brought in the district court of Flathead County to recover a debt is a straight law action regardless of the nature of the original cause instituted in the State of Washington.

5. That there is no jointly owned property here. Whatever

interest plaintiff had in this Spartan house trailer was merged in the Washington court's judgment and decree. All plaintiff has in her Montana action is a suit on the debt created by the judgment and all she may seek here is a money judgment.

6. That this court has consistently held that where, as here, the action is merely for the collection of a judgment debt, the relief by receiver does not lie.

7. That "under the facts in this case legal remedies were and are available to plaintiff, but she was not entitled to have a receiver appointed. Accordingly the order refusing to vacate the order appointing the receiver is set aside and the order appointing the receiver is vacated."

The foregoing is the law of this case. "It is an inflexible rule that our decision on a former appeal, whether right or wrong, is binding alike on the parties and the courts in the same 146; State ex rel. Great Northern Ry. v. State Board of Equalization, 126 Mont. 187, 246 Pac. (2d) 220, 221. action." Libin v. Huffine, 124 Mont. 361, 224 Pac. (2d) 144,

This second appeal is in the same case from the district court's judgment dated July 30, 1951, and filed August 2, 1951. In fairness to the district court, it should be stated that the remittitur in the former appeal was mailed out from the office of the clerk of this court on July 30, 1951, being the same date as the judgment was dated by the district court.

Here the action brought by Winnifred A. Little against the defendants Walter L. Little and L. E. Little was on the judgment debt and for the recovery of certain personal belongings and for damages. The prayer of her complaint asked only for the appointment of a receiver to take and hold the designated house trailer and for a judgment that the trailer be sold and the proceeds thereof be divided between the parties and for judgment for the return of personal property or for damages of $375, and for attorney fees. Defendant, Walter L. Little, admits that plaintiff recovered a judgment against him in the Washington court, and denies that said judgment was a lien on the Spartan Royal Mansion House Trailer, Serial No. 33-49-492. Defendant

further contends that plaintiff, Winnifred A. Little wrongfully took from his possession certain personal belongings and property of the value of $2,175.75.

On April 16, 1951, defendant's attorneys served and on April 12, 1951, filed their demand for a jury trial. However, the court set the case for trial on May 31, 1951; then vacated that setting and reset the case for trial on June 22, 1951, before the court without a jury. When the case was called for trial defendant's attorneys again renewed their demand for a trial by jury. After argument by both counsel the court ruled: "I take it it must have been Judge King's opinion you are not entitled to a jury trial when he set the trial, and I am not in position to overrule the judge of abler jurisdiction. I will overrule the demand." The minute entry of June 22, 1951, court's journal shows: "Defendant's request for trial by jury is denied."

The court erred in not granting a jury trial in the proceedings between these litigants.

Article III, sec. 23, of our Constitution, provides, as far as pertinent here, that: "The right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases * * * upon default of appearance, or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived * * *."

R. C. M. 1947, sec. 93-5301, provides, as far as pertinent here, that: "Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the recovery of specific real or personal property, with or without damages * * * 1. By failing to appear at the trial; 2. By written consent, in person or by attorney, filed with the clerk; 3. By oral consent, in open court, entered in the minutes."

Chapter 84, Laws of 1949, as far as pertinent here, provides: "In actions for the recovery of specific * * * personal property, with or without damages, or for money * * * due upon contract * * * an issue of fact must be tried by a jury, unless a jury trial is waived * * *."

An action to recover a money judgment on a foreign judgment

and to recover specific personal property with damages, is clearly an action at law as is any that could be named and is an action in which a party cannot be denied a jury trial. In reading together the constitutional and Code provisions we find they preserve to litigants the right in law actions to a jury trial. These provisions require that questions of fact in law actions shall be settled by a jury, and that the court shall not assume directly or indirectly to take from a jury or to itself such prerogative.

The court erred in not granting the application of defendants for a jury trial of the issues of fact between the litigants, Winnifred A. Little against Walter L. Little and L. E. Little.

The Washington judgment created no lien on property in Montana. This being a straight law action, the appointment of Richard P. Walsh as receiver in this case was and is without authority in law or jurisdiction and is and was void *ab initio*. Any interest payable on a judgment recovered in this state is limited by R. C. M. 1947, sec. 47-128, which provides: "Interest is payable on judgments recovered in the courts of this state at the rate of six per cent per annum, and no greater rate, but such interest must not be compounded in any manner or form."

For the reasons stated the judgment is overruled, set aside and vacated and the cause is remanded with directions to grant a jury trial in this cause in conformity with this opinion and this court's opinion in cause No. 9077, Little v. Little, 125 Mont. 278, 234 Pac. (2d) 832.

Let remittitur issue forthwith.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES FREEBOURN and ANDERSON, concur.

MR. JUSTICE ANGSTMAN (dissenting):

Reference to the opinion in Little v. Little, 125 Mont. 278, 234 Pac. (2d) 832, will disclose that I did not agree with the majority opinion there promulgated. I am of the same opinion still.

I realize that the decision on a former appeal, generally speak-

ing whether right or wrong, establishes the law of the case and is binding on the parties and the courts. This rule is obviously proper when the second trial takes place after the first opinion is pronounced. In such a case it would be improper to hold the trial judge in error when he followed the law as announced by this court, nor would he be justified in ignoring this court's opinion. That is the reason which gave rise to the rule. Were that rule applicable here, I would concur in the foregoing opinion solely on the ground of stare decisis so far as it treats of this question. But here this court's opinion on the former appeal was not known to the trial judge when he rendered the judgment now appealed from. When the reason for a rule ceases so does the rule. R. C. M. 1947, sec. 49-102. Erroneous notions of the law made in 125 Mont. 278, 234 Pac. (2d) 832 under the facts here should not be perpetuated on the theory that they established the law of the case when they were not promulgated or known by the trial judge before the making of the judgment appealed from. The majority opinion in that case should be overruled.

On the question of the right to a jury trial, it is my view, as set out in my dissenting opinion on the former appeal, that plaintiff's action is in equity. That being so, defendant cannot transform it into a law case by his cross-complaint. Since plaintiff is pursuing an equitable remedy to enforce the Washington decree, a jury trial is not required. Likewise, even though the appointment of a receiver was unauthorized (which I do not concede), the trailer was in the custody of the sheriff and the judgment directing him to sell it to satisfy plaintiff's demand had the same force and effect of an execution. Compare Thomas v. Thomas, 44 Mont. 102, 119 Pac. 283, Ann. Cas. 1913B, 616.

I think the majority opinion on the former appeal should be overruled and the judgment appealed from should be affirmed.