BELGRADE STATE BANK, Plaintiff and Appellant, v. HERBERT EARL SWAINSON, Individually and as a Guardian of the Estate of WANDA K. SWAINSON, Western Surety Company, a corporation, MRS. ROBERT BLACK, JAMES HUNT, and LARRY JORDAN, Defendants and Respondents.

No. 13934.
Submitted April 24, 1978.
Decided May 4, 1978.
578 P.2d 1166.

Mr. Justice Shea dissented with an opinion.

Towe, Ball & Enright, Billings, Thomas E. Towe, argued, Billings, for plaintiff and appellant.

Byron L. Robb, argued, Livingston, Swandal & Douglass, Livingston, Kent R. Douglass, Livingston, argued, Huppert & Swindlehurst, Livingston, Arnold Huppert, Jr., argued, Livingston, for defendants and respondents.

MR. JUSTICE HARRISON delivered the opinion of the Court.

The parties to this appeal were previously before this Court in Cause No. 13473, in part involving the precise issue raised in this appeal.

Plaintiff's action below proceeded upon the theories of tortious conversion and liability upon a security agreement. The action was commenced on October 16, 1972. Trial was held on January 13, 1976, in the District Court, Park County. As a result, plaintiff bank recovered judgment in the amount of $17,410 and, in addition, attorney fees of $2,000 and costs.

On appeal, this Court reversed the judgment of the District Court, except as to Herbert Swainson, and remanded the cause for the fixing of defendants' attorney fees. *Belgrade State Bank v. Swainson* (1977), 172 Mont. 350, 564 P.2d 174. In so doing, this Court stated:

"All defendants, except Herbert Earl Swainson, are entitled to attorney fees by virtue of section 93-8601.1, R.C.M.1947. The statute is procedural in nature and applies to actions commenced after its effective date, even though such action arose out of events occurring prior thereto. *Crncevich v. Georgetown Rec. Corp.*, 168 Mont. 113, 541 P.2d 56; Anno. 18 A.L.R.3d 733, 736, 740." 564 P.2d 180.

Plaintiff subsequently moved for, but was denied, a rehearing by this Court's per curiam order, dated June 8, 1977.

On June 9, 1977, a District Court hearing was conducted regarding the fixing of attorney fees. Testimony was offered by counsel for defendants concerning the effort expended on the cause, the fees considered due, and the reasonableness thereof. Counsel for plain-

tiff offered no testimony in opposition to that of counsel for defendants. Rather, plaintiff argued that no fees could be awarded under section 93-8601.1, R.C.M., asserting that this statute applied only to contractual obligations entered into after July 1, 1971, the effective date of the enactment, and the contractual obligations here occurred prior to July 1, 1971. The District Court subsequently entered an order awarding attorney fees in amounts as follows: Huppert & Swindlehurst, $3,000; Swandal & Douglass, $2,000; Byron L. Robb, $2,000. Plaintiff appeals the order awarding such fees.

While plaintiff, appellant herein, focuses its argument on the issue of the propriety of this Court's award of attorney fees to defendants under the specific language of section 93-8601.1, we find the dispositive issue to be: Is this Court's previous determination of defendants' entitlement to attorney fees under section 93-8601.1 the "law of the case", precluding review of the propriety of such determination?

The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal. *Libin v. Huffine* (1950), 124 Mont. 361, 224 P.2d 144; *G. N. Ry. Co. v. State Bd. of Equalization* (1952), 126 Mont. 187, 246 P.2d 220; *Little v. Little* (1953), 127 Mont. 152, 259 P.2d 343. The rule is detailed in *Carlson v. Northern Pac. Ry. Co.* (1929), 86 Mont. 78, 81, 281 P. 913, 914:

"The rule is well established and long adhered to in this state that where, upon an appeal, the Supreme Court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial and upon subsequent appeal; and this, although upon its subsequent consideration the Supreme Court may be clearly of opinion that the former decision is erroneous. While a previous

ruling by this court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, in the case in which it is made it is more than authority; it is a final adjudication from the consequences of which this court may not depart, nor the parties relieve themselves. (Citing cases.)"

The sole exception to the "right or wrong" rule recognized by this Court was articulated in *State v. Zimmerman* (1977), 175 Mont. 179, 573 P.2d 174, 178:

"In any event an exception to this general rule exists where the case must be remanded to the District Court for further proceedings because of reversal on an unrelated issue. In such cases this Court may correct a manifest error in its former opinion and announce a different ruling to be applied prospectively to future proceedings in the case. * * *"

See also, *State v. Hale* (1955), 129 Mont. 449, 291 P.2d 229.

We find the particular *Zimmerman* exception inapplicable here for, unlike *Zimmerman*, the instant case was remanded for the specific purpose of establishing attorney fees pursuant to this Court's prior award thereof.

Here, the argument raised by appellant concerning the award of attorney fees pursuant to section 93-8601.1 is the precise argument raised by appellant in the prior appeal of this case. Said issue was plainly and unequivocally resolved in favor of the propriety of such award. Given this, our concern lies with bringing an end to the lengthy litigation involved herein and providing a final decision upon which the parties may rely. In view of our prior holding, we perceive no manifest injustice or hardship imposed upon appellant as a result of our decision herein.

The order of the District Court fixing attorney fees as aforesaid is affirmed. In addition, respondents are hereby awarded the total sum of $750 for attorney fees occasioned by this appeal, to be divided in equal amounts of $250 for each of the three respondents.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.

MR. JUSTICE SHEA dissenting:

I would overrule our previous decision, thereby reversing the trial court, and hold that under the statute involved the defendants were not entitled to attorney fees because the security interests involved giving the plaintiff a right to attorney fees, were signed before the effective date of the statute providing for reciprocal attorney fees.

After remand of the first case, *Belgrade State Bank v. Swainson* (1977), 172 Mont. 350, 564 P.2d 174, each of the defense counsel involved admitted during the hearing to set attorney fees, that any agreement they were relying on was executed before the effective date of section 93-8601.1, R.C.M.1947, effective 1971. That section provides:

"Contractual right to attorney fees to be reciprocal. Whenever by virtue of the provisions of any contract or obligation in the nature of a contract, *made and entered into at any time after the effective date of this act,* one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees, and the prevailing party in any such action, whether by virtue of the express contractual right, or by virtue of this act, shall be entitled to recover his reasonable attorney fees from the losing party or parties." (Emphasis added.)

By its own terms this section limits recovery to situations where the contract providing for attorney fees was entered into after the effective date of the act. Here, it is agreed that the statute went into effect in 1971 but that the contracts involved were executed in 1969. Obviously, section 93-8601.1 did not apply to the benefit of the defendants.

It is also noteworthy that this Court, in the first *Belgrade State Bank* case, supra, relied on *Crncevich v. Georgetown Rec. Corp.* (1975), 168 Mont. 113, 541 P.2d 56, as the basis to hold that attor-

ney fees could be ordered under this factual situation. In relying on *Crncevich*, we stated:

Defendants, except Herbert Earl Swainson, are entitled to attorney fees by virtue of section 93-8601.1, R.C.M. 1947. The statute is procedural in nature and applies to actions commenced after its effective date, even though such action arose out of the events occurring prior thereto. *Crncevich v. Georgetown Rec. Corp.*, 168 Mont. 113, 541 P.2d 56; Anno. 18 A.L.R.3d 733, 736, 740." *Belgrade State Bank v. Swainson*, supra, 564 P.2d 180.

This language gives the misleading impression that we interpreted section 93-8601.1 in *Crncevich*. This statute was not involved; in fact, it was not even mentioned. Moreover, it is plainly error to conclude that *Crncevich* stands for the proposition that the statute *"is procedural in nature and applies to actions commenced after its effective date, even though such action arose out of the events occurring prior thereto."* (Emphasis added.)

The issue in *Crncevich* was entirely unrelated to the issue of attorney fees in this case. In that case there was a promissory note which called for attorney fees to the promisee if suit was brought to collect on the note. Suit was brought and the promisee prevailed, but the trial court denied attorney fees. This Court affirmed the trial court's ruling holding that before attorney fees could be awarded, the promisee's attorneys were required to present evidence as to the value of the legal services, which they had failed to do. That is the holding in *Crncevich* on the question of attorney fees—nothing more, and nothing less.

In refusing to change its first decision ordering attorney fees to be paid by Belgrade State Bank, the majority has relied on the doctrine of the "law of the case." In the context of this case, where third parties will not be harmed, I fail to see the justice in applying this doctrine where we have manifestly committed an error in a previous decision allowing attorney fees and where it can be corrected without creating a procedural nightmare. In this case the error can be easily corrected with no harm to our procedure.

For the foregoing reasons I would reverse the previous decision

450

and held that the defendants are not entitled to attorney fees under section 93-8601.1, R.C.M.1947.