No. 89-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

TOM M. FIELDS and VICKI J. FIELDS,

       Plaintiffs and Appellants,

  -vs-

MAE WELLS,

       Defendant and Respondent.

FILED
'89 OCT 17 AM 10 52
ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tom and Vicki Fields, pro se, Mentor, Ohio

    For Respondent:

        John H. Grant; Jackson, Murdo & Grant, Helena,
Montana

Submitted on Briefs:  Sept. 15, 1989

Decided:  October 17, 1989

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Plaintiffs, Thomas M. and Vicki J. Fields, filed a complaint in the District Court of the First Judicial District, Lewis and Clark County, seeking monies allegedly due from defendant, Mae Wells. The District Court dismissed the complaint with prejudice. Plaintiffs appeal. We affirm.

On appeal, each party sets forth its own version of the issues. However, the germane issues raised on appeal are:

1. Whether the District Court abused its discretion in denying plaintiffs' request for a continuance of the May 5, 1989 trial.

2. Whether the District Court erred in granting defendant's motion to dismiss plaintiffs' complaint.

3. Whether the District Court erred in denying plaintiffs' requests to order defendant to post bond and to name others as codefendants in the action.

4. Whether defendant is entitled to her attorney fees that were incurred as a result of this action.

Thomas M. and Vicki J. Fields, plaintiffs, brought this action in January, 1987, alleging that Mae Wells, defendant, breached a contract for the sale of a mobile home and therefore owed them over $4,000. After a series of unforeseen delays, a scheduling conference was held on March 3, 1989 and the trial was set for May 5, 1989. The Fieldses, who currently reside in Mentor, Ohio, did not attend the scheduling conference. Therefore, pursuant to Montana Uniform District Court Rule No. 10, Wells sent the Fieldses a notice dated March 13, 1989, advising them of the trial date, the scheduling conference order, and that they should either appear at trial or hire an attorney to enter an appearance on their behalf. The Fieldses responded with a "Reply to Court Order filed Mar. 6, 1989" dated March 11, 1989 and "Various Motions" dated March 19, 1989. In these documents, the Fieldses informed the court that they felt confident that the

2

court could fairly judge the case based upon their March 11, 1989 letter and without them being present for the May 5, 1989 trial.

In a March 30, 1989 letter to the Fieldses, the District Court stated explicitly that if they did not attend the May 5, 1989 trial, they would automatically lose and the case would be dismissed. The District Court further explained that although it may bend certain procedural rules for individuals not represented by attorneys, certain rules cannot be waived, including a party's right to require the opponents to appear and to cross-examine them.

The Fieldses subsequently filed a letter with the court dated April 3, 1989, stating that they understood that they would automatically lose the case if they did not appear for the May 5, 1989 trial, but nonetheless asserted that they should not be required to appear. The Fieldses then filed a request for continuance dated April 24, 1989 with the District Court. A copy was not sent to Wells or her attorney. In their "motion for continuance," the Fieldses stated that they have sought to obtain competent counsel but asserted that the attorneys they contacted "felt that the financial condition of the defendant and the size of the amount owed [could not] justify the cost that the court is asking [them] to incur." The District Court denied the motion.

The Fieldses did not appear at the May 5, 1989 trial nor did an attorney appear on their behalf. The District Court therefore granted Wells' motion to dismiss, stating that the Fieldses failed to file a pretrial order by April 24, 1989, as ordered by the court; they failed to appear for the May 5, 1989 trial; and they failed to comply with the court's scheduling order. The court dismissed the complaint with prejudice and awarded Wells the costs of her suit. The Fieldses appeal.

3

The first issue raised on appeal is whether the District Court abused its discretion in denying the Fieldses' request for a continuance of the May 5, 1989 trial.

Sections 25-4-501 and -503, MCA, are the two statutory grounds under which a district court is authorized to grant a continuance. Section 25-4-501, MCA, states that "[a] motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Section 25-4-503, MCA, states that "[u]pon good cause shown and in furtherance of justice, the court may, in its discretion, postpone a trial or proceeding upon other grounds than the absence of evidence under such conditions as the court may direct." The District Court denied the Fieldses' motion for continuance on the grounds that they failed to provide a good reason.

On appeal, this Court's function is to determine whether the District Court abused its discretion. In the present case, the Fieldses did not meet the requirements mandated in either of the statutes that allow postponement of a trial. The Fieldses submitted neither an affidavit that showed the materiality of the evidence that they expected to obtain nor did they demonstrate a good cause that would allow the District Court, in its discretion, to postpone the trial. The Fieldses merely stated that they were attempting to locate an attorney to represent them and then provided a list of attorneys they supposedly contacted.

The record reveals that the Fieldses had ample time in which to locate an attorney to represent them. They were first notified by a letter dated March 13, 1989 from Wells' attorney suggesting they procure an attorney to represent them and then subsequently by a letter from the District Court dated March 30, 1989. The Fieldses did not set forth a good cause as to why they were unable to obtain a counsel.

4

The District Court therefore did not abuse its discretion in denying Fieldses' motion for a continuance.

The second issue raised on appeal is whether the District Court erred in granting Wells' motion to dismiss the Fieldses' complaint.

The District Court sent a letter to the Fieldses dated March 30, 1989, stating explicitly that they would automatically lose the case if they did not appear for the May 5, 1989 trial. The Fieldses did not appear at the required time set for the trial. The District Court therefore granted Wells' motion to dismiss, stating that the Fieldses failed to appear at the time and place set for trial and that they also failed to comply with the court's scheduling order regarding preparation and filing of a pretrial order.

The Fieldses argue that considering the excessive cost they "feel that unless [Wells] can demonstrate a need for [their] appearance at the hearing, there is no reason for it." The Fieldses reason that the case rests upon the documents already submitted to the court, and that any questions about these documents can be answered either by mail or by checking the public repositories for such records.

Unfortunately, the Fieldses' misunderstanding of the law and their decision to ignore court directives has resulted in a failed attempt to bring a successful lawsuit. The Fieldses insist that they did not need to attend the May 5, 1989 trial, however, the law dictates otherwise. The Fieldses rely upon their March 11, 1989 letter to the District Court as sufficient evidence upon which the District Court could "fairly judge" the case. An examination of the March 11, 1989 letter, however, demonstrates that it is replete with hearsay. Hearsay is defined in our statutes as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), M.R.Evid. The March 11,

5

1989 letter contains numerous statements regarding the sale of the mobile home to Wells. The unsworn written statements were made out of court and did not afford Wells the opportunity to confront the writers--the Fieldses--or to question them as to the veracity of the statements. Under Rule 802, M.R.Evid., "[h]earsay is not admissible except as otherwise provided by statute, these rules, or other rules applicable in the courts of this state." No exceptions are applicable in this case. The District Court therefore did not abuse its discretion in granting Wells' motion to dismiss the Fieldses' complaint.

The third issue raised on appeal is whether the District Court erred in denying the Fieldses' requests to order Wells to post bond and to name others as codefendants.

In light of the disposition of issues number one and two, we do not need to address this issue.

The last issue raised on appeal is whether Wells is entitled to her attorney fees that were incurred as a result of this action.

The contract underlying this dispute provides that "[i]f legal action is necessary to enforce any of the provisions of this agreement, the successful party is entitled to his costs and reasonable attorney fees as determined by a court of competent jurisdiction." Wells requested her costs and attorney fees in her counterclaim that she filed with the court dated March 24, 1987. In its May 12, 1989 Memorandum and Judgment, the District Court ordered the case dismissed with prejudice and awarded Wells the costs of her suit, but did not address the issue of attorney fees.

We have previously stated that a party's right to attorney fees is based upon either a statute or an underlying contract which provides for their recovery. Northwestern Nat'l Bank v. Weaver-Maxwell, Inc. (1986), 224 Mont. 33, 44, 729 P.2d 1258, 1264; Diehl and Assocs. v. Houtchens (1979), 180 Mont. 48, 53, 588 P.2d 1014, 1017. In this case, the

underlying contract provides for the recovery of attorney fees for the successful party in the lawsuit. The District Court issued a final judgment by dismissing the Fieldses' complaint with prejudice. Wells therefore emerged as the successful party. We therefore remand this case to the District Court for a determination of reasonable attorney fees due Wells as a result of this lawsuit--fees generated from both the District Court action and the appeal--and for any additional costs that she incurred as a result of this appeal.

Affirmed and remanded.

_____
Justice

We concur:

_____
Justices

Justice John C. Sheehy recuses himself from participation in this case.

7