No. 90-070

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THOMAS M. FIELDS,

    Plaintiffs and Appellants,

    v.

MAE WELLS,

    Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

    Tom & Vicki Fields, Mentor, Ohio (pro se)

    For Respondent:

    John H. Grant, Helena, Montana

Submitted on Briefs:  May 3, 1990

Decided:  June 1, 1990

Filed:

_____
/ Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Thomas and Vicki Fields, appellants, appeal from an order of the District Court, First Judicial District, Lewis and Clark County, which awarded $4,523 in attorney's fees and costs to Mae Wells, respondent. The appellants contest the District Court's authority to render such an order. We affirm and award the respondent additional attorney's fees incurred in this appeal.

This case was previously before this Court in Fields v. Wells, 780 P.2d 1141, 46 St.Rep. 1775 (Mont. 1989). In that case, we upheld the District Court's dismissal of the appellants' complaint, with prejudice, and remanded the case to the lower court for a determination of attorney's fees and other costs to be awarded to the respondent.

On January 19, 1990, a hearing was held by the District Court to assess the amount of attorney's fees to be awarded to the respondent. The appellants were properly notified as to the date of such hearing. In fact, the appellants requested that the hearing be continued. This request was denied. The appellants failed to appear at the hearing. Subsequently, the District Court entered an order awarding $4,523 in attorney's fees and costs to the respondent.

The appellants argue that the District Court had no authority to award attorney's fees to the respondent. They further argue that the District Court lacked authority because our reliance on a clause in the disputed contract which awarded attorney's fees to

2

a prevailing party was improper. The contract was the basis of their original complaint. The appellants' argument is, in essence, an attempt at a rehearing on the issue of attorney's fees. The appellants failed to file a petition for rehearing within 10 days of this Court's decision, as required in Rule 34, M.R.App.P., therefore making this current appeal an improper attempt at circumventing this rule. See Rule 34, M.R.App.P.

The appellants cannot subsequently raise, on appeal, an issue that has previously been decided between the same parties. As this Court decided in the case of Belgrade State Bank v. Swainson, 176 Mont. 444, 578 P.2d 1166 (1978):

> The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether the decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal. (Citations omitted).

Belgrade, 176 Mont. at 446, 578 P.2d at 1167.

The exception existing to this rule, as discussed in Belgrade, does not apply to this case.

The respondent shall be awarded $760 in attorney's fees incurred in responding to this appeal.

Affirmed. Let remittitur issue forthwith. See Rules 34 and 35, M.R.App.P.

Pursuant to Section I, Par. 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

3

with the Clerk of the Supreme Court and by a report of its result to West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4