No. 01-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 116

ROBERT J. ROBBINS,

      Petitioner/Appellant,

  v.

STATE OF MONTANA,

      Respondent/Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Scott Albers, Attorney at Law, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  January 31, 2002

Decided:     June  5,  2002

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1   The Petitioner, Robert J. Robbins, filed a petition for postconviction relief in the District Court for the Eighth Judicial District in Cascade County. The District Court denied the petition based on its conclusion that *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204, did not retroactively apply to Robbins' petition. Robbins appeals from the District Court's denial of his petition. We reverse the District Court and remand for a new trial.

¶2   We find the following issue dispositive:

¶3   Did the District Court err when it concluded that *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204, did not retroactively apply to Robbins' petition?

FACTUAL BACKGROUND

¶4   On July 20, 1995, the Petitioner, Robert J. Robbins, was charged by Information filed in the District Court for the Eighth Judicial District in Cascade County with deliberate homicide in violation of § 45-5-102(1)(a), MCA, and with robbery in violation of § 45-5-401, MCA. Before trial, Robbins moved to quash the jury panel because prospective jurors had not been summoned pursuant to § 3-15-505, MCA (1997). The District Court denied Robbins' motion based on its finding that the clerk of court had substantially complied with the statute.

¶5   The jury convicted Robbins of the offenses charged and the District Court sentenced Robbins to the Montana State Prison for 75 years for deliberate homicide, 40 years for robbery, and 25 years

as a persistent felony offender. The District Court ordered all sentences to run consecutively and restricted Robbins' parole eligibility for 20 years.

¶6 On direct appeal, Robbins argued that the clerk of court violated § 3-15-505, MCA (1997), when she summoned jurors by telephone instead of by mail or personal service. According to Robbins, the clerk's failure to comply with § 3-15-505, MCA (1997), deprived him of his constitutional and statutory rights to a fair trial.

¶7 We addressed these arguments in *State v. Robbins*, 1998 MT 297, 292 Mont. 23, 971 P.2d 359, and held that the District Court erred when it found that the clerk was in substantial compliance with the statute but that the error was harmless because Robbins had not introduced any evidence that he was actually prejudiced. *Robbins*, ¶ 58.

¶8 On February 15, 2000, we decided *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204.

¶9 On April 10, 2000, Robbins filed a petition for postconviction relief. First, Robbins contended that he was denied his constitutional right to a fair and impartial jury. Second, he contended that unless this Court's opinion in *State v. LaMere* was applied to his case, his rights to due process and to be free from cruel and unusual punishment would be violated. The District Court denied Robbins' petition in an order dated December 29, 2000. Although it noted that our holding in *LaMere* seemed to require reversal, the District Court ultimately concluded that our holding

3

in Robbins' direct appeal was the law of the case and therefore the District Court was bound by that decision.

¶10   Robbins now appeals from the District Court order which denied his petition for postconviction relief.  We reverse the District Court and remand for a new trial.

DISCUSSION

¶11 Did the District Court err when it concluded that *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204, did not retroactively apply to Robbins' petition?

¶12 Robbins urges us to retroactively apply the rule we announced in *LaMere* and reverse his conviction. The State asserts that the issues raised in Robbins' petition are procedurally barred because they were not raised on direct appeal. The State further contends that unlike *LaMere*, the alleged error in this case was not "structural" error and that automatic reversal is not required. Finally, the State argues that retroactive application of *LaMere* is barred by *Teague v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334.

¶13 We conclude that the District Court erred when it refused to apply *LaMere* to Robbins' petition. *LaMere* specifically overruled *Robbins* to the extent that it held that a violation of § 3-15-505, MCA (1997), could be harmless error. *LaMere*, ¶ 61. Instead, we held that failure to properly summon jurors, in violation of § 3-15-505, MCA (1997), implicates the constitutional right to an impartial jury in violation of the Sixth Amendment and affects the very framework in which the trial proceeds. We characterized the error as structural as opposed to trial error and held that the right to an impartial jury is so essential to the concept of a fair trial that its violation can never be considered harmless. *LaMere*, ¶ 50.

5

¶14 The "law of the case" doctrine invoked by the District Court is inapplicable to these facts. That doctrine provides that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, that decision is binding on the parties and the courts and cannot be relitigated in the trial court or on a subsequent appeal. *See Belgrade State Bank v. Swainson* (1978), 176 Mont. 444, 446, 578 P.2d 1166, 1167. However, we have also recognized that even though an issue has been addressed and determined adversely to a prisoner on direct appeal, a court may reconsider the issue in postconviction proceedings when there has been a substantial change in the applicable law. *Coleman v. State* (1981), 194 Mont. 428, 440, 633 P.2d 624, 631. Since we held in *LaMere* that errors in jury selection are no longer amenable to the harmless error analysis we employed in Robbins' direct appeal, we conclude there has been a substantial change in the applicable law and the application of *LaMere* is not precluded by the "law of the case" doctrine.

¶15 The State's contentions that Robbins waived the constitutional argument that he makes in this case or that *LaMere* is inapplicable because based on constitutional considerations, whereas Robbins' argument is primarily statutory, are also without merit. Robbins and LaMere made the same successful argument in their direct appeals. That argument was that the clerk of court failed to summon jurors in accordance with the statutory requirements of § 3-15-505, MCA (1997). The identity of the two defendants' arguments is apparent from our *LaMere* opinion where we stated:

> In *Robbins*, the defendant challenged the telephone-dependent summoning process utilized in Cascade County as failing to substantially comply with § 3-15-505, MCA (1997), in that it failed to serve prospective jurors with a jury summons. We agreed, . . . .
>
> . . .
>
> We hold that the telephone summoning of jurors failed, as in *Robbins*, to substantially comply with § 3-15-505, MCA (1997).

*LaMere*, ¶¶ 16-17.

¶16 The only difference between our holding in *Robbins* and *LaMere* is that in *Robbins* we accepted the State's contention that the defendant had not been prejudiced. *See LaMere*, ¶ 18. In *LaMere*, we overruled that aspect of *Robbins* and returned to a *per se* rule of reversal for failure to substantially comply with Montana's statutes concerning procurement of a jury. We held:

> However, after doing extensive research far beyond that submitted by the parties, we choose to overrule *Robbins* and <u>return to</u> a *per se* rule of reversal for a failure to substantially comply with Montana statutes governing the procurement of a trial jury. [Underlining added.]

*LaMere*, ¶ 25.

¶17 The State's confusion in this regard appears to be based not on arguments which Robbins previously failed to raise on appeal and not on the fact that Robbins' statutory argument is different than LaMere's constitutional argument; it seems to be based on our ultimate conclusion that by ignoring the statutory requirements for procurement of a jury, LaMere's constitutional right to an impartial jury was violated. We explained as follows:

> Under this Court's case law, the statutory procedures have been construed as designed " 'to carry out the constitutional guarantee' " of " 'a speedy, public trial by an impartial jury.' " *Deeds*, 130 Mont. at 510-11, 305

7

P.2d at 325 (quoting *Porter*, 125 Mont. at 506, 242 P.2d at 986 (quoting Art. III, Sec. 16, Mont. Const. (1889))). A defendant's statutory right to challenge the jury panel for a substantial failure to comply with the law governing jury selection is but "a legislative amplification of the constitutional . . . right to 'a speedy, public trial by an impartial jury.' " *Groom*, 49 Mont. at 359, 141 P. at 858. That the " 'jury shall be selected according to methods established' " is intended " 'to secure a just and impartial administration of the jury system.' " *Diedtman*, 58 Mont. at 18, 190 P. at 118-19 (quoting *People v. McQuade* (N.Y. 1888), 18 N.E. 156, 165). Since "a substantial compliance is necessary in order to meet the constitutional requirement," a defendant is therefore entitled "to a [jury] panel drawn in substantial conformity with the requirements of statute." *Landry*, 29 Mont. at 223-24, 74 P. at 420.

. . . .

In short, the objective procedures established by the Montana Legislature for the random selection of jurors are intended to protect a criminal defendant's fundamental right to a fair and impartial jury, as guaranteed by Article II, Sections 24 and 26 of the Montana Constitution and by the Sixth and Fourteenth Amendments to the United States Constitution. We construe the substantial compliance standard as being designed to protect a defendant's fundamental right to an impartial jury, primarily, by encouraging reasonably strict compliance with statutory procedures intended to implement, and thereby secure, the fair cross-section guarantee of the Sixth Amendment.

*LaMere*, ¶¶ 32, 35.

¶18 Finally, the State contends that *LaMere* cannot be retroactively applied to *Robbins* in a collateral proceeding such as postconviction relief based on the test for retroactive application set forth by the United States Supreme Court in *Teague v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, and followed by this Court in *State v. Egelhoff* (1995), 272 Mont. 114, 900 P.2d 260 (*rev'd on other grounds by Montana v. Egelhoff* (1996), 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361). In *Teague*, the United States

8

Supreme Court held that, with certain exceptions, new constitutional rules will not be applicable to those cases which have become final before the new rules are announced. 489 U.S. at 310, 109 S.Ct. at 1075. However, assuming that *LaMere* did establish a new rule rather than return to an old rule regarding *per se* reversal for error in the jury selection process, as the previously quoted language suggests, the State concedes, "that a new rule should be applied retroactively if it requires the observance of 'those procedures that . . . are 'implicit in the concept of ordered liberty,' ' . . . ." *See Teague*, 49 U.S. at 310-11, 109 S.Ct. at 1076. It is hard to read the *LaMere* opinion without coming to the conclusion that any state action which denies a defendant an impartial jury as guaranteed by the state and federal constitutions violates procedures "implicit in the concept of ordered liberty." We held:

> However, some constitutional violations "by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. Sixth Amendment *violations that pervade the entire proceeding* fall within this category." [Citation omitted.]

*LaMere*, ¶ 40. Based on that holding, we concluded that:

> In summary, then, a material failure to substantially comply with Montana statutes governing the procurement of a trial jury cannot be treated as harmless error for the following reasons: . . . (4) the impartiality of the jury goes to the very integrity of our justice system, and the right to an impartial jury is so essential to our conception of a fair trial that its violation cannot be considered harmless error.

*LaMere*, ¶ 50.

9

¶19   We conclude that a right which goes to the very integrity of our justice system is also "implicit in the concept of ordered liberty" for the purposes of coming within the exception to the *Teague* retroactivity analysis.   Therefore, we conclude that Robbins is entitled to the retroactive application of our decision in *LaMere* and reverse the judgment of the District Court on that basis.

¶20   The parties' final brief was filed in this matter on November 7, 2001.   On March 26, 2002, we decided *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63, 43 P.3d 922.   In *Whitehorn*, we held that the *Teague* retroactivity analysis applies only to procedural rules and that substantive rules of law should be given retroactive application without regard to *Teague* analysis.   On that basis, we overruled our decision in *State v. Nichols*, 1999 MT 212, 295 Mont. 489, 986 P.2d 1093, to the extent that it barred retroactive application of our double jeopardy decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312.   We concede that there is a strong argument that a process which denies Robbins his constitutional right to an impartial jury implicates a substantive rather than a procedural right.   However, because *Whitehorn* was decided after final briefing in this matter and supplemental briefing was not requested; and, because the same result follows from the application of the *Teague* analysis, we need not conclude in this case whether procedural or substantive rights are involved.  Assuming for purposes of this case only that Robbins' rights were procedural, because that is the basis on which the case was

10

briefed, we conclude he is still entitled to retroactive application of our *LaMere* decision.

¶21 For these reasons, the judgment of the District Court is reversed and this case is remanded to the District Court for a new trial.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE