No. 14971

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

THE STATE OF MONTANA, ACTING BY AND
THROUGH THE DEPARTMENT OF HIGHWAYS
OF THE STATE OF MONTANA,

              Plaintiff and Appellant,

    -vs-

WILLIAM K. BURLINGAME et al.,

              Defendants and Respondents.

_____

Appeal from:  District Court of the Fourth Judicial District,
                Honorable John Hensen, Judge presiding.

Counsel of Record:

    For Appellant:

        Terry Clausen, Highway Legal Dept., Helena, Montana

    For Respondents:

        Claude Burlingame, Plains, Montana

_____

                Submitted on briefs: November 7, 1979

                        Decided: JAN 11 1980

Filed: JAN 11 1980

_Thomas J. Kearney_
                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is the second appeal of the matter previously before this Court in Department of Highways v. Burlingame (1979), ____ Mont. ____, 597 P.2d 51, 36 St.Rep. 603. The facts may be briefly stated as follows.

The Department of Highways brought this action in the District Court to condemn 1.32 acres of defendant's property in Missoula County. Prior to the jury trial in District Court, plaintiff had made a number of offers to purchase defendant's property, all of which were refused. Plaintiff's last offer was $43,100 plus necessary expenses. The jury, however, returned a verdict awarding the defendant only $39,750 for the value of his property. The District Court awarded the defendant an additional $6,247.93, representing $1,536.36 in costs and $4,711.57 for attorney fees.

In the first appeal of this case, plaintiff challenged that portion of the judgment awarding costs and attorney fees to the defendant. This Court noted that plaintiff's offer of $43,100 exceeded the jury award of $39,750. Therefore, this Court held that defendant did not prevail and that "[t]hat portion of the judgment awarding attorney's fees is reversed." (Emphasis added.) Department of Highways v. Burlingame (1979), ___ Mont. ____, 597 P.2d 51, 56, 36 St.Rep. 603, 609.

The Department of Highways subsequently moved the District Court to enter an amended judgment awarding neither attorney fees nor costs to the defendant. The District Court denied this motion, stating that the Supreme Court's decision in Burlingame did not intend to reverse the District Court's award of costs, because the holding in Burlingame

reversed only that portion of the judgment dealing with attorney fees.

Plaintiff now appeals from the District Court's denial of the motion to amend.

The sole issue on appeal is whether the District Court erred in refusing to amend its judgment so as to deny defendant his attorney fees and costs.

Appellant argues that because this Court has already decided that the landowner did not prevail at the trial of this matter, the landowner is not entitled to either attorney fees or costs under section 70-30-305(2), MCA, which provides:

> "In the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor, the court shall award necessary expenses of litigation to the condemnee."

Section 70-30-306(1), MCA, provides:

> "Necessary expenses of litigation as authorized by 70-30-305 mean reasonable and necessary attorney fees, expert witness fees, exhibit costs, and court costs."

Since defendant did not prevail, appellant argues that defendant was not entitled to his "necessary expenses of litigation." Therefore, he was not entitled to either attorney fees or costs, and the District Court erred in denying appellant's motion to amend its judgment to that effect.

Defendant's response to this argument is that this Court resolved the same question in favor of the landowner in the first appeal, and that our original decision is the law of the case and is controlling upon this Court.

> "The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal." Belgrade State Bank v.

Swainson (1978), ___ Mont. ___, 578 P.2d 1166, 1167, 35 St.Rep. 549, 549B.

There is one exception to the above rule, as articulated in State v. Zimmerman (1977), ___ Mont. ___, 573 P.2d 174, 178, 34 St.Rep. 1561, 1566, however, that exception is inapplicable to the facts in this case. Defendant argues that the holding in our first opinion reversed the award of attorney fees but not the award of costs, and that appellant is preempted from raising the issue of costs in the present appeal. In support of this argument, defendant points to our statement of the issue and our holding in the first appeal:

> "In an eminent domain proceeding where the District Court found the State's final offer was $43,100 and the jury verdict was $39,750, was it error for the District Court to award attorney fees and costs?
>
> " . . .
>
> "We find the trial court erred in awarding attorney's fees in this case because the private property owner did not prevail as required by law." Burlingame, 597 P.2d at 52. (Emphasis added.)
>
> "That portion of the judgment awarding attorney's fees is reversed." Burlingame, 597 P.2d 56. (Emphasis added.)

From this language, defendant argues that this Court has already decided the same issue, whether or not defendant was entitled to costs against the appellant in our first opinion, and that we are precluded from considering it in this appeal under the "right or wrong" rule stated in Swainson because our former decision constitutes the law of the case.

The short answer to the defendant's contentions is that the language quoted above did not resolve this question in favor of the landowner in the first appeal. Our previous opinion did not decide that the defendant was entitled to costs; instead, this Court inadvertently failed to state a

conclusion with respect to costs. Therefore, since no decision was rendered on this particular issue in our previous opinion, the rule in Belgrade State Bank v. Swainson, supra, does not apply.

We now decide in accordance with appellant's reasoning that the defendant was not entitled to costs under sections 70-30-305(1) and 70-30-306(2), MCA. Therefore, we reverse the District Court's order denying appellant's motion to amend and direct the District Court to enter a judgment which does not award the landowner either attorney fees or costs.

_____
Justice

_____
Chief Justice

_____
Justices

Mr. Justice John C. Sheehy stands on his dissent in the original opinion.

_____
Justice

-5-