**NO.** 93-084
IN THE SUPREME COURT OF THE STATE OF MONTANA

G. K. MURPHY and MARGARET K. MURPHY,

    Plaintiffs and Respondents,

  v.



E. A. ATKINSON, in her personal capacity,
ANN LEWIS, the personal representative of
the ESTATE OF JOSEPH ROSCOE LEWIS, in her
official capacity, B.A. HUEBNER, RIVERSIDE
INVESTMENT, and DEEP WATER INVESTMENT, LTD.,

    Defendants and Appellants.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Karl Knuchel, Attorney at Law,
Livingston, Montana

    For Respondents:

        Joe C. Maynard, Crowley, Haughey, Hanson,
Toole & Dietrich, Billings, Montana

Submitted on Briefs:  August 5, 1993

Decided:  November 23, 1993

Filed:

CLerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On July 1, 1988, G. K. Murphy and Margaret K. Murphy filed an action in the District Court for the Fourteenth Judicial District in Musselshell County seeking to set aside certain transfers of real property by Joseph Lewis based on fraud. Both parties moved for summary judgment. On November 24, 1992, the District Court granted the Murphys' motion and entered judgment in their favor. Defendants appeal the order of the District Court.

We affirm.

The issue on appeal is whether the District Court erred when it granted the Murphys' motion for summary judgment.

This appeal arises out of a failed real estate transaction between the Murphys and Joseph Lewis. In 1979, the Murphys sold ranch property to Lewis under a contract for deed. Lewis defaulted on the payments due the Murphys, and a dispute ensued regarding the contract's payment provisions. After Lewis initiated a number of lawsuits and caused extensive damage to the property prior to vacating it, the Murphys counterclaimed on November 14, 1984, seeking actual and punitive damages. On June 27, 1988, judgment was entered in favor of the Murphys and they were awarded damages in the amount of $196,959.93.

In order to execute on the judgment, the Murphys immediately filed an action in the District Court to set aside a number of conveyances of real property by Lewis as fraudulent. Because the facts and litigation surrounding these land transfers are pertinent to this appeal, a brief description follows.

During the **pendency** of the numerous lawsuits between Lewis and the Murphys, Lewis purchased a different piece of property known as the MN Ranch, which is the property at issue in this appeal. He bought this property with his nephew and business partner, Robert O'Connor. Lewis provided the funds for the purchase of the MN Ranch, but the deed was recorded in O'Connor's name.

During the course of the next few years, Lewis and O'Connor made approximately $350,000 worth of improvements to the MN Ranch. In 1983, Lewis and Riverside Investment entered into a promissory note and agreement granting Riverside a mortgage in the amount of $492,000 against the MN Ranch. The Murphys allege that this was a fraudulent encumbrance and name Riverside, as well as its successor in interest, Deep Water Investment, Ltd., as defendants in this appeal.

In 1984, a disagreement arose concerning the status of the MN Ranch. After a series of negotiations, Lewis and O'Connor executed a dispute settlement agreement on May 14, 1984. The agreement provided that Lewis was to pay O'Connor a total of $75,000 in exchange for a quitclaim deed to the MN Ranch. Upon receipt of the deed, Lewis immediately conveyed the MN Ranch to his future wife, E. A. Atkinson, also a defendant in this appeal, purportedly for a consideration of $10. This transfer of title was recorded on the same day that the agreement was signed.

Pursuant to the agreement, Lewis made the first $20,000 payment to O'Connor. However, Lewis defaulted on the remainder of the obligation, and O'Connor brought suit to recover the $55,000

3

which was still due under the agreement. O'Connor also sought to set aside the transfer of the MN Ranch to Atkinson as a conveyance to defraud creditors. On March 13, 1988, the District Court ordered Lewis to pay O'Connor $55,000 plus interest and costs, but concluded that the transfer of the MN Ranch from Lewis to Atkinson was not fraudulent. This conclusion was based on its finding that O'Connor failed to produce evidence demonstrating that the "transfer was made for the purpose, or had the effect, of rendering the Defendant J.R. Lewis insolvent." This Court affirmed that decision in *O'Connor v. Lewis* (1989), 238 Mont. 270, 776 P.2d 1228.

While O'Connor's suit was pending, Atkinson, who had since married Lewis, transferred title to the MN Ranch to her daughter, B. A. Huebner. This transfer was also purportedly made for a consideration of $10. One month later, however, Huebner transferred the property back to Atkinson, again for a $10 consideration, in light of her anticipated marriage in California, which is a community property state.

The District Court issued its opinion and order in November 1992, granting summary judgment in favor of the Murphys and concluding that, with regard to the Murphys, the transfers of the MN Ranch were fraudulent. From this judgment, defendants appeal.

Did the District Court err when it granted the Murphys' motion for summary judgment?

The District Court first noted that the defendants had not contested any of the significant facts set forth by the plaintiffs nor did they raise any other material issue of fact which would

4

preclude summary judgment. Therefore, the court concluded that there were no genuine issues of material fact and, in the absence of such a factual dispute, the issue was solely legal. Based on its application of the law, the court concluded that the conveyance of the MN Ranch from Lewis to Atkinson was fraudulent as a matter of law pursuant to the Fraudulent Conveyances Act found at §§ 31-2-301 through -325, MCA (1989). That statute provides as follows:

> Every conveyance made and every obligation incurred by a **person** who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Section 31-2-311, MCA (1989). After considering the evidence, the court determined that the Murphys satisfied each element to demonstrate a fraudulent conveyance. It concluded that the Murphys were creditors pursuant to § 31-2-301(3), MCA (1989), because they were persons "having any claim, whether matured or unmatured, liquidated or **unliquidated,** absolute, fixed, or contingent" at the time of the conveyance. Furthermore, the Murphys offered uncontested evidence that Lewis was insolvent at the time of the transfer, and finally, the court determined that the conveyance, reciting a consideration of $10, had been made without fair consideration as required under § 31-2-303, MCA (1989).

The court also set aside Atkinson's transfer of the MN Ranch to her daughter because Huebner had not been a bona fide purchaser of the property. The court noted that neither Riverside Investment nor Deep Water Investment, which were allegedly sham mortgage

5

companies, appeared to defend the mortgage interests which they held against the MN Ranch. Therefore, it ordered that all of Lewis's conveyances of the MN Ranch be set aside and annulled.

The court further determined that the statute of limitations for an action based on fraud had not run, and that the Murphys' claims were not barred by *res judicata*, collateral estoppel, the collateral attack doctrine, or the "law of the case" doctrine.

On appeal, the defendants do not challenge the sufficiency of the evidence or the court's application of the law concerning fraudulent conveyances. Rather, they contest the court's summary judgment order in favor of the Murphys on the bases that the "law of the case" doctrine precluded a determination that the transfer of the MN Ranch from Lewis to Atkinson was fraudulent and that the Murphys' claim was barred by the statute of limitations.

Defendants contend that the Murphys are bound by the District Court's determination, which was affirmed by this Court in *O'Connor*, 776 P.2d at 1233, that the May 14, 1984, conveyance of the MN Ranch from Lewis to Atkinson was not intended to defraud creditors. In *State v. Burlingame* (1980), 185 Mont. 183, 605 P.2d 176, we clarified that the law of the case doctrine applies when this Court decides an issue involving the same **parties** in the same case. Whether that decision is right or wrong, it is binding on the parties and cannot be relitigated in a subsequent appeal. *Burlingame*, 605 P.2d at 177. In *In re Marriage of Gies* (1985), 218 Mont. 433, 709 P.2d 635, we reiterated that the doctrine applies when the same parties and the

6

same case are involved. In this instance, the Murphys were not parties to the *O'Connor v. Lewis* litigation, and the Murphys' cause of action was litigated in an entirely different case. The District Court correctly concluded that the doctrine did not apply and that it was free to reach its own decision with respect to the Murphys' allegations based on the evidence presented.

Defendants next contend that the applicable statute of limitations for bringing an action based on fraud is two years pursuant to § 27-2-203, MCA. They assert that the transfer from Lewis to Atkinson was recorded on May 14, 1984, and the Murphys did not file their action to set aside the transfer until July 1988, four years later. It is their contention that the recording of the deed gave constructive notice of the transfer and that is when the Murphys' cause of action accrued. The Murphys, however, contend that the statute did not begin to run until their claim was reduced to judgment in 1988, and that this case was instituted immediately thereafter. Requiring them to file suit within two years of the recording of the transfer would have required that suit be filed before they had a right to do so.

In *Finch v. Kent* (1900), 24 Mont. 268, 279, 61 P. 653, 658, this Court addressed a **similar** situation. We made clear that under circumstances such as this, where an alleged fraudulent transfer occurs prior to the **time** that a judgment is obtained against the transferor, a cause of action does not accrue, and the statutory period does not begin to run, until the judgment is obtained.

7

Therefore, we conclude that the two-year statute of limitations did not begin to run until June 27, 1988, and the filing of this action on July 1, 1988, was timely.

We hold that the District Court did not err when it granted summary judgment in favor of the Murphys. The order of the District Court is affirmed.

_____
J     tice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

November 23, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Karl Knuchel
Attorney at Law
P.O. Box 953
Livingston, MT 59047

Joe C. Maynard, Esq.
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529
Billings, MT 59103-2529


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy