No. 81-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

KAREN J. DELANEY,

Plaintiff and Respondent,

-vs-

ROBERT L. DELANEY,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Mulroney, Delaney & Dalby, Missoula, Montana

For Respondent:

Leaphart Law Firm, Helena, Montana

Submitted on briefs: August 21, 1981

Decided: November 9, 1981

Filed: NOV 9 - 1981

*Thomas J. Kearney*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Respondent Karen J. Delaney brought this action in the Missoula County District Court, Fourth Judicial District, to collect $15,000 from her former husband, Robert L. Delaney, in satisfaction of delinquent payments for support and maintenance for the years 1976, 1977 and 1978. A nonjury trial was held on August 14, 1980. On December 18, the District Court made and adopted findings of fact and conclusions of law, and on January 6, 1981, judgment was entered in favor of the wife in the amount of $15,000, together with interest. From that judgment, and from the order of January 30 denying husband's motion to amend the findings of fact and conclusions of law, the husband now appeals.

This Court is presented two questions for review:

1) Did the District Court err by finding that sums totaling $15,546.11 in excess of the decree of dissolution paid by the husband to the wife were gifts?

2) Did the District Court err by finding that the husband was not entitled to offset those sums against the $15,000 required by the decree?

We find that neither finding was in error and affirm the judgment of the District Court.

The parties were divorced on September 28, 1973. The marital and property settlement agreement, dated September 27, provided in addition to all other requirements, that the husband pay the wife $5,000 per year for ten years, said payments to be made on November 1 of each year.

After complying with these payments for the first three years, husband failed to make payments for the years 1976, 1977 and 1978. In lieu of the 1976 payment, husband

-2-

executed a promissory note in the amount of $5,000, payable on or before March 31, 1977. That note was canceled by the District Court and made part of its judgment. Another note, in the amount of $10,000, dated April 27, 1978, was offered to the wife to cover the 1977 payment and the November 1976 note but she did not accept it.

The 1978 payment came due on November 1, and when it was not paid, Karen Delaney filed her complaint, dated November 21, 1978.

Robert Delaney contends that certain sums paid in excess of the decree, amounting to $15,546.11, should be treated as advances on the annual $5,000 payments. These sums were part of a program begun in 1974 whereby the husband increased his support payments for the two children. Upon the submission of a budget, he made payments of $1,500 per quarter which were later reduced, as of March 2, 1975, to $1,050 per quarter, and then as of February 1977, changed to $1,000 per month.

In accord with an oral understanding of the parties, husband also paid $5,415 from October 23, 1973 through August 27, 1974 for psychiatric care of the wife.

In total, at the commencement of this action, husband was obligated by the decree to pay the wife $67,800. At that time, he had actually paid her $83,346.11, an excess of $15,546.11. The District Court found that the excess payments were intended as gifts, and we agree.

Husband relies on the statute defining gift, section 70-3-101, MCA, which states that the transfer must be made voluntarily. He contends that constant harassing, phone calls, and threats to withhold visitation rights were responsible

-3-

for the extra payments. These factors no doubt had an effect, but they do not overcome the substantial evidence that the payments were intended as gifts. As we stated in Myhre v. Myhre (1976), 170 Mont. 410, 416, 554 P.2d 276, 279, the true expert on donative intent is the donor.

A letter to the wife from the husband's attorney, dated October 23, 1974 (plaintiff's exhibit E), states that "this $1500.00 payment is simply being made by Bob on his own initiative."

Another letter from the husband himself, dated December 2, 1974 (plaintiff's exhibit C), states that "this is merely intended as a gift to the children."

Another such letter from the same exhibit, dated January 30, 1977, says that "this will be the only payment you will receive hereafter with the exception of the $5,000 due yearly in November." Later he stated it "is in no way intended to breach or amend the original court decree. I exceed the decree only for my children's benefit and will continue to pay a larger sum only in so far (sic) as I can reasonably afford to do so."

These clearly demonstrate that the excess payments were intended as gifts, and husband is not entitled to offset them against the amount owed under the decree of dissolution. See Hadford v. Hadford (1981), ___ Mont. ___, 633 P.2d 1181, 1186, 38 St.Rep. 1308, 1314-1315; Williams v. Budke (1980), ___ Mont. ___, 606 P.2d 515, 517, 37 St.Rep. 228, 230.

We will not set aside the findings of fact of the trial court unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.

Affirmed.

John C. Sheehy
Justice

-4-

We Concur:

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                    Justices