No. 83-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN THE MARRIAGE OF
WAUNETA E. TURNER,

   Plaintiff and Respondent,

 and

VERNON N. TURNER,

   Defendant and Appellant.

---

APPEAL FROM: The District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

   Skedd, Ashley, McCabe & Weingartner; J. Mayo Ashley,
Helena, Montana

 For Respondent:

   John Cobb, Augusta, Montana

---

Submitted on Briefs: August 18, 1983

Decided: October 17, 1983

Filed: OCT 17 1983

Ethel M. Harrison
—————————————————————
       Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Vernon N. Turner (husband) appeals from the judgment of the District Court, Lewis and Clark County, giving him only his personal possessions in a dissolution action brought by Wanneta Turner (wife). We affirm.

The husband and wife married in 1972. They were both in their 50's when they married. The wife owned property near Lincoln, Montana, in her own name, given to her by her first husband. Mr. Turner was a commercial pilot when they married, and continued to fly when they moved to Lincoln. The Turners lived on the property for approximately 10 years.

The wife claims the husband made no monetary or nonmonetary contribution to the Lincoln property. She claims the husband did not give her money for household expenses and failed to help maintain the condition of the house and outbuildings. The wife alleges she had to sell some of her personal property at the husband's insistence. Most of the proceeds from the sales were used for the husband's flying expenses.

The husband claims he did make monetary and nonmonetary contibutions to the property. He cites various duties he performed around the property, such as clearing brush, snow-plowing the access road, and cutting thousands of dollars of firewood to heat the home.

After a hearing, the trial court granted the dissolution. The court awarded to the wife all property owned by her before the marriage. The trial court granted the husband his personal belongings. This appeal follows.

Two issues are raised by this appeal:

1. Did the trial court properly find that the husband made no contribution to the marriage which would justify apportionment of the wife's previously owned home?

2. Did the District Court err in not making a finding of the net value of the marital assets, namely the Lincoln property?

Upon consideration of the evidence and testimony, the District Court found that the husband's position in the marriage was that of a "parasitic freeloader" who victimized the wife for the period of their marriage. The court therefore ruled that the wife was entitled to outright ownership of all the real property at her house near Lincoln.

Disposition of property in a dissolution proceeding is governed by section 40-4-202, MCA, which provides that the court shall "equitably apportion" the property "belonging to either or both, however and whenever acquired." The statute also provides that in disposing of property previously owned by one spouse, consideration must be given to "contributions of the other spouse" including the nonmonetary contribution of a homemaker and the extent to which such contributions have "facilitated the maintenance of this property." 40-4-202, MCA.

To conclude that the husband was not entitled to any claim against the Lincoln real property, it is necessary to find that he made no contribution equitably justifying apportionment of that property. The District Court's finding that the husband was a parasitic freeloader victimizing the wife is just such a finding. We turn now to whether that finding was justified.

This Court will not substitute its judgment for that of the trial court and will not alter a judgment unless it finds a clear abuse of discretion. Eschenburg v. Eschenburg (1976), 171 Mont. 247, 250, 557 P.2d 1014, 1016. After considering the record in a light most favorable to the respondent, this Court must find substantial facts supporting the discretionary judgment of the trial court.

3

It is difficult to conceive of a marriage where absolutely no contribution is made by one spouse. The equitable meaning of contribution envisioned by section 40-4-202, MCA, however, is an effort of a spouse which substantially aids in the accumulation and/or maintenance of the marital estate. The work of a homemaker is just such an effort and is specifically enumerated in the statute. The marital estate would obviously be substantially depleted if these necessary services had to be purchased. But where one spouse's contribution is so minimal that it would not even be self-supporting, that spouse is merely a burden. In such a case, the value of the other spouse's previously owned property results inspite of, rather than because of, the first spouse's efforts.

In this case, the wife was not only the homemaker, but also the chief earner. The husband's annual income was approximately $5,000, much of which was spent by the husband while he was away from the home. The wife paid all of the bills, with the exception of the husband's phone bills, bought the food and clothing, did the cooking, washing, cleaning, and other work to provide for the home. The only substantial effort of the husband during the ten year marriage was to clear snow from the driveway (with the wife's plow), and get wood for the heating of the home (with the wife's help).

The District Court need not further substantiate its finding of lack of contribution. The burden is upon the husband to demonstrate his contiribution. He failed to do so.

We hold that under these facts the trial court did not abuse its discretion in finding that the husband made no contribution to the marriage within the meaning of section 40-4-202, MCA.

4

This is not the first case where the non-acquiring spouse has been found to have no interest in previously owned property. In In re the Marriage of Balsam (1979), 180 Mont. 129, 589 P.2d 652, this Court upheld such a distribution where a trial court found that none of the value of non-appreciated stocks was a product of contribution from the marital effort.

The failure of the District Court to find the net value of the Lincoln property now becomes harmless. We take care to reemphasize the necessity of such a finding in the equitable apportionment of property in the typical marriage dissolution. The value of the marital assets is important information which should be weighed in the distribution determination. However in this case, the value of the Lincoln property would make no difference. Whether the property is worth $30,000 or $130,000, the husband is entitled to exactly none of it.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices