No. 83-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF

KARL A. GIES,

        Petitioner and Respondent,

  and

ELSIE L. GIES,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Petroleum,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Paulson, Lewistown, Montana
        Luxan & Murfitt, Helena, Montana

    For Respondent:

        Jon A. Oldenburg, Lewistown, Montana

---

Submitted on Briefs: May 10, 1984

Decided: May 31, 1984

Filed: MAY 31 1984

Ethel M. Harrison
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Elsie L. Gies (wife) appeals two orders of the Tenth Judicial District Court, Petroleum County, distributing certain marital real estate which had not been distributed in an earlier dissolution proceeding, and ruling that Karl A. Gies (husband) was not obligated to pay child support during the summer months. We remand for further findings and modification.

The husband and wife were married August 7, 1965. In August, 1979 they separated. The marriage was dissolved by a decree of the District Court entered April 15, 1980. The dissolution decree adopted the provisions of a settlement agreement, entered into April 7, 1980, which provided for child custody, retention of personal property including all motor vehicles, disposition of all indebtedness including payments on the real property, future payment of health insurance, and child support. The agreement did not divide the jointly owned real property of the parties; rather, the parties were to provide for the division of the property by a separate agreement.

The parties were unable to reach an agreement as to the division of their real property which consisted of the family home and 48.3 acres of land. On June 3, 1983 the husband petitioned the District Court to distribute the real property.

The District Court found that both parties were employable and in good health and that the "need for assets is . . . not significantly greater for one party than for the other." The court determined the net value of the marital real property estate to be $90,034.54. The court determined that it was the intention of both parties that the husband

2

should receive the family house. The court also found that the best interest of the parties and the children would be served if the property was not partitioned and that the husband offered to pay the wife in cash for her share of the real property.

The District Court credited the husband for the $33,352.30 he spent on the property to retire the debt, and to defend the property since the date of separation. In addition he was credited $7,214.31 for money and property supplied to the wife over and above what was required by the dissolution decree. The husband was ordered to pay the wife one half of the remaining $49,467.93 value of the estate.

On August 24, 1983, the wife moved the court to hold the husband in contempt for failure to make child support payments during the summer months when he had custody of the children. The District Court denied the motion, ruling that the husband had met his support obligation during those months by caring for the children in his custody.

The wife appeals both orders, and raises the following issues:

1. Whether the District Court abused its discretion by not partitioning the property?

2. Whether the District Court erred by dividing the property without determining the value of the total marital estate?

3. Whether the District Court erred by giving the husband certain credits against the equity of the parties in the real property?

4. Whether the District Court erred by determining the issue of maintenance?

3

5. Whether the District Court erred by not requiring the husband to make child support payments during periods of summer visitation?

The wife first argues that the District Court abused its discretion by failing to partition the property. The proceeding before the court was not a partition action, although the court did have discretion to partition the property. Beck v. Beck (Mont. 1983), 661 P.2d 1282, 40 St.Rep. 565. The court found that due to hard feelings and problems with visitation, the parties could not exist as neighbors, and that partition of the property would have an adverse effect on the saleability of the property. These findings are supported by the record. We hold the District Court did not abuse its discretion.

The wife next argues that the District Court erred in failing to value the marital estate before dividing the property. It is well settled that the District Court must determine and consider the net value of marital assets before the estate can be divided. Vivian v. Vivian (1978), 178 Mont. 341, 583 P.2d 1072; Turner v. Turner (Mont. 1983), 670 P.2d 568, 40 St.Rep. 1666.

However, the facts of this case present a unique situation. With the exception of the real property, the marital estate had already been divided by the dissolution decree and the adopted settlement agreement. That division must be assumed to be equitable. In short, by virtue of the provisions of that agreement, the parties stood in equal positions before the District Court when the real property was to be divided. The only "marital estate" before the court was the marital real property estate. The District Court did properly value the latter.

4

The wife next argues that the District Court erroneously credited the husband for expenditures made since the separation. It is well settled that a District Court has great discretion in dividing property, and that its judgment should not be altered without a showing of clear abuse of discretion. Zell v. Zell (1977), 174 Mont. 216, 220, 570 P.2d 33, 35.

We will address the credits individually:

1. Credit of $28,814.24 for payments on the debt against the property.

The wife contends that the trial court should have deducted from this credit an amount to offset his exclusive use of the property for 3 years since the separation. She argues that she should be credited for loss of reasonable rental value of the property.

The argument is well taken. Indeed, the husband admits in his brief that his keeping the payments current, together with other lesser obligations, were "in exchange" for his retaining possession of the family home.

The trial court did not explain the reason for his calculation of the credit. We must remand to the District Court with directions to explain in its findings and conclusions the basis for determining this credit, and to modify the credit if it does not fairly reflect the wife's loss of her share of the rental value.

2. Credit of $4,538.06 for out-of-pocket expenses incurred in a boundary dispute.

The wife argues that the boundary dispute lawsuit arose prior to the construction of the house, and the obligations were assumed by the husband in the settlement agreement. We disagree. The lawsuit was not finally settled until 1981. Moreover, the dissolution settlement agreement specifically

5

retains to each party the assertion of rights, claims demands and obligations which apply to the division of the real property.

3. Credit for money paid and property given in excess of what was required by the dissolution decree.

The wife argues such amounts cannot be treated as credits since they were gifts, citing Delaney v. Delaney (1981), 195 Mont. 259, 635 P.2d 1306. Again the trial court made no finding as to whether these payments were purely gratuitous or as to why they should be treated as a depletion of the marital real property estate. The trial court has broad discretion in weighing factors which bear on the question of equitable division of marital property. Its judgment will not be overturned if it explains its decision in findings and conclusions and such findings and conclusions are reasonable.

4. Credit of $1,315.78 for 1964 Jeep Wagoneer and insurance settlement.

It appears that under the settlement agreement, the wife was specifically entitled to all vehicles in her custody. If the Jeep was in her custody, the husband released all claims regarding it. The trial court must determine and issue findings showing why the wife was not entitled to the Jeep, or remove the credit.

5. Credit for child support payments made while husband had custody.

The wife contends the District Court erred in ruling that the husband was not required to make child support payments during periods of summer visitation. We agree.

The issue is resolved by the unambiguous terms of the adopted settlement agreement:

"CHILD SUPPORT:
"The Petitioner shall pay to the Respondent the sum of $150.00 a month, for each child, until such time as each child becomes of legal age, marries or is otherwise emancipated." (emphasis added)

The trial court abused its discretion and modified the plain meaning of this agreed-to provision.

The husband argues that his care for the children while they are in his custody satisfies the spirit and purpose of the child custody provision. We disagree. Not only is the provision unambiguous and clear on its face, but the "spirit and purpose" are to help the wife meet the expenses of care for the children including year-round overhead such as the additional expense of a larger home.

The wife also challenges the trial court's determination that she was not entitled to maintenance. We agree that this issue was not before the District Court under the petition for distribution of the real property. However, the determination is inconsequential. It is clear that all obligations between the husband and wife are covered by the April 15, 1980 dissolution decree and the subsequent real property distribution.

The August 30, 1983 child support order of the District Court is vacated. The case is remanded to the District Court for further findings and conclusions and for modifications in accordance with this opinion.

Justice

7

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_____

_John C. Sheehy_
Justices

8