No. 85-89

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF
KARL A. GIES,

               Petitioner and Respondent,

   -vs-

ELSIE L. GIES,

               Respondent and Appellant.

_____

APPEAL FROM: District Court of the Tenth Judicial District,
             In and for the County of Petroleum,
             The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Linda L. Harris, Billings, Montana

    For Respondent:

        Jon A. Oldenburg, Lewistown, Montana

_____

Submitted on briefs: July 11, 1985

Decided: November 12, 1985

Filed: NOV 12 1985

_____
                   Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Elsie Gies appeals from a decree of the District Court of the Tenth Judicial District, Petroleum County, which modified a child support order.

We affirm.

The appellant raises two issues on appeal. The first is whether the District Court erred in failing to partition the parties' real property. The second is whether the District Court erred in changing the method by which the child support obligation is calculated.

As to the first issue, we hold that the doctrine of the "law of the case" applies. That doctrine provides that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal. Belgrade State Bank v. Swainson (1978), 176 Mont. 444, 446, 578 P.2d 1166, 1167. This case was before this Court last year in In re the Marriage of Gies (Mont. 1984), 681 P.2d 1092, 41 St.Rep. 1028. That appeal resulted in an affirmance of the District Court's finding that partition of the parties' real property would produce hard feelings and adversely affect salability of property. Gies, 681 P.2d at 1093. We hold the first issue raised by appellant falls within the doctrine of the law of the case and we do not address that issue.

The second issue, regarding modification of child support, does raise new matter, and requires a brief factual discussion. The District Court dissolved the parties' marriage by decree entered April 15, 1980. The decree

incorporated the settlement agreement of the parties, which provided for child support as follows:

> The Petitioner [Karl] shall pay to the Respondent [Elsie] the sum of $150.00 a month, for each child, until such time as each child becomes of legal age, marries or is otherwise emancipated.

> The Petitioner shall also pay the Respondent an additional 10% in each child's support, commencing January 1, 1981, and each year thereafter, to cover the inflationary cost of living for each child. The additional 10% cost of living shall be terminated when each child becomes of legal age, marries or is otherwise emancipated. This additional sum shall also cease if inflation ceases in our economy or if the United States enters a period of depression.

After paying the support obligation for the years 1980 through 1984, Karl Gies petitioned the District Court to amend and modify the decree and dissolution.

The District Court in its findings of fact, found:

> 4. That said child support provision is unreasonably vague, undefined and unascertainable, in that there is no objective criterion prescribed, by which to measure the fact or amount of inflation, deflation or depression and it is therefore impossible to determine the amount of child support required to be paid by the Petitioner to the Respondent at any particular time.

> 6. That it is generally accepted and the Court hereby takes judicial notice of the fact that inflation has decreased below the rate of inflation in existence at the time of the Decree.

Based upon its findings of fact, the Court concluded:

> 3. That the provisions of the Settlement Agreement of the parties and therefore the Decree heretofore entered no longer apply with reasonableness and justice to the situation and circumstances of the parties herein and should therefore be amended . . . .

> 4. That the level of child support of the payment of which the Petitioner is obligated should be changed to the sum of $300.00 per month, being $150.00 per month per child, the amount thereof to be increased or decreased according to the rate of inflation from that point, according to the United States Department of Labor Consumer Price Index, as shown on January 1 of each year.

On the issue of modification of child support, this Court will reverse the District Court only if the findings of the District Court are clearly erroneous in light of the evidence in the record. Johnson v. Johnson (Mont. 1983), 667 P.2d 438, 40 St.Rep. 1255.

The relevant statute is 40-4-208, MCA. That statute provides:

> (1) . . . a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification.
>
> (2)(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:
>
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . . .

The District Court's decision does not violate the statute. First, the ruling is prospective only. The decision makes no attempt to modify payments already made by petitioner for the years 1981 through 1984, but only affects payments accruing subsequent to the motion for modification.

Second, the decision is based upon a substantial and continuing change of circumstances. The inflation provision of the decree invites disagreement and confusion. The District Court judge recognized this when he found that the provision was "unreasonably vague, undefined, and unascertainable," and that it was "impossible to determine the amount of child support to be paid by the Petitioner . . .." By tying the increase in support to the Consumer Price Index, the District Court judge clarified a vague and troublesome provision.

This Court has recognized that a modification is warranted to clarify a vague provision that has become

unworkable. In In re the Marriage of Smith and Smith (Mont. 1984), 692 P.2d 1221, 41 St.Rep 2325, the original dissolution decree granted the husband reasonable visitation rights. The parties continually disagreed as to what constituted reasonable visitation. The District Court clarified the provision by defining reasonable visitation as every other weekend from 4:00 p.m. Friday through 8:00 p.m. Sunday. We affirmed the modification.

Although that case dealt with visitation and the case at bar deals with support, the two cases are analogous. When a provision becomes vague and unenforceable, the District Court has the power to clarify the provision so long as the intention of the parties is given effect. Here, the base amount of support remains unchanged at $300.00 per month. The parties intended the inflation provisions "to cover the inflationary cost of living for each child." The effect of the new provision is to clarify the ambiguous inflation component of Karl's obligation, and to clearly establish a level of support which covers the inflationary cost of living for each child. We find no error.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 5 -

_____

_____
Justices

- 6 -