No. 95-165

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

BARBARA BALL,

     Petitioner and Respondent,

  and

LUCIEN C. BALL,

     Respondent and Appellant.

FILED

SEP 14 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Gerald J. Neely, Billings, Montana

     For Respondent:

     Kevin T. Sweeney, Sweeney & Healow, Billings, Montana

Submitted on Briefs: July 6, 1995

Decided: September 14, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

In July 1993, respondent instituted proceedings in the Thirteenth Judicial District Court, Yellowstone County, to enforce a court order requiring appellant to contribute $200.00 per month towards the support of their adult disabled child. Appellant then moved the court for a modification of the divorce decree and a reduction in the amount of support he is required to pay, claiming a change in circumstances substantial enough to make the terms of the decree unconscionable. Both matters were addressed at trial, after which the court found appellant to be in contempt for non-payment of support, and denied appellant's motion for modification of the divorce decree. We affirm.

We consider the following issues raised on appeal:

1. Did the District Court err in applying the standards set forth in § 40-4-208(2)(b), MCA, to a default divorce decree which provides for the support of an adult disabled child?

2. Did the District Court err in failing to find a change in circumstances substantial enough to render the existing child support arrangements unconscionable?

2

3. Did the District Court err in its refusal to deduct from the unpaid support obligation $1,580.00 that was sent to respondent by appellant?

Appellant and respondent were divorced in 1986. During their marriage, they had three children, all of whom were over the age of 21 at the time of the divorce. The oldest child, however, was and is entirely disabled due to profound retardation. This child, who is now 34, remains dependent upon his parents for his support and care.

Appellant did not appear in the 1986 divorce action, and a default judgment was entered against him. The divorce decree gave custody of the adult disabled son to respondent and ordered appellant to pay her $200.00 per month for the disabled son's support. In July of 1992, appellant purchased respondent's interest in the family residence, but respondent conditioned her signing of a quit-claim deed upon appellant's also tendering the entirety of then-delinquent child support. Appellant thereafter paid respondent $5,800.00 for the claimed delinquent child support, and respondent executed the quit-claim deed in his favor.

From the time this lump sum payment was made until the date the District Court entered its 1994 judgment in this matter, appellant again failed to pay child support to respondent. Because of his continued non-payment, respondent moved the court to find him in contempt pursuant to § 40-5-601, MCA. In response, appellant moved to modify the dissolution decree, asking the court to reduce his support obligation from $200.00 to $50.00 per month.

3

The District Court found appellant had failed to show a change in circumstances so substantial as to make the support arrangements unconscionable, and therefore declined to modify the existing decree. The court also found appellant to be in contempt because of his failure to comply with the dictates of the decree.

## Issue 1

Did the District Court err in applying the standards set forth in § 40-4-208(2)(b), MCA, to a default divorce decree which provides for the support of an adult disabled child?

Appellant first alleges that § 40-4-208(2)(b), MCA, is not applicable to a default decree ordering support for an adult disabled child, but that the statute applies only to minor children. Since this statute does not explicitly mention adult disabled children, appellant insists that it is inapplicable, and therefore the District Court "can examine the entire situation de novo, and if this is done, the district court's abuse of discretion is apparent."

Appellant raises this issue for the first time on appeal. This Court will not address an issue that was not raised at the trial court level. In re Marriage of Blair (1995), 894 P.2d 958, 963, 52 St.Rep. 401, 404; In re Marriage of Binsfield (1995), 888 P.2d 889, 893, 52 St.Rep. 16, 20. We note in passing, however, that this same statute was the sole basis for appellant's motion to modify the support decree. His attack upon it now is disingenuous at best.

4

## Issue 2

Did the District Court err in failing to find a change in circumstances substantial enough to render the existing child support arrangements unconscionable?

Existing support arrangements may be modified only under certain specific circumstances. Section 40-4-208(2)(b), MCA, provides as follows:

> (b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:
> (i) upon a showing of changed circumstances so substantial and continuous as to make the terms unconscionable;
> (ii) upon written consent of the parties; or
> (iii) upon application by the department of social and rehabilitative services . . . .

Whether circumstances have changed so substantially as to render a support decree unconscionable is a question of fact. This Court will review a district court's findings of fact to determine if they are clearly erroneous. In re Marriage of Kovash (1995), 893 P.2d 860, 862-63, 52 St.Rep. 280, 281.

Appellant alleged at trial that his income has decreased precipitously since the 1986 divorce, while respondent's income has increased.

A major obstacle faced by the trial court was the fact that the income of the respective parties was not determined at the time of the divorce. Both parties acknowledge that respondent was then earning approximately two-thirds of the family's income, but both also agree that appellant, by his own choice, was not working regularly at that time. Without more information on what his

5

income was (or could have been, had he worked steadily), the trial court faced a difficult task in attempting to determine whether his income had declined substantially.

Regardless of whether appellant's circumstances had changed or not, the trial court found the support agreement was not unconscionable. The court acknowledged that appellant's usual income is only $675.00 per month. However, the court found that appellant was capable of working but that he had not attempted to find work. The court further found appellant had received over $1,000.00 in interest income the previous year, and the house owned by appellant had a basis for depreciation of $200,000. Considering all these facts, the court ruled it was not unconscionable to require appellant to contribute $200.00 each month towards the care of his son.

The information regarding appellant's income came from his 1993 income tax return. Appellant's ability to work and his failure to seek work were established by his own testimony. This decision of the trial court was not clearly erroneous.

Appellant makes much of the fact that respondent earns more money than he does, and her income has in fact increased somewhat in the last nine years. However, such increases can be credited to her having found and kept a secure job in Texas. Both before and after the divorce, respondent has worked steadily while appellant has not. Respondent also has sole responsibility for the care of the adult disabled son, who lives with her and who incurs expenses beyond those which would be generated by a healthy minor child.

Her changes in circumstances do not make appellant's support obligation unconscionable; on the contrary, it would be unconscionable to reward respondent's responsibility by expecting her to shoulder appellant's burden as well as her own. The trial court found that the existing support arrangement was not unconscionable, and this finding is not clearly erroneous.

## Issue 3

Did the District Court err in its refusal to deduct from the unpaid support obligation $1,580.00 that was sent to respondent by appellant?

From December of 1990 through June of 1992, appellant sent nine checks to respondent, totalling $1,530.00 In addition, he sent her a money order in the amount of $50.00 after she had commenced the action for contempt.

The parties disagree on how the $1,530.00 should be characterized; appellant claims the checks were for child support, while respondent claims they were gifts, given in an attempt to win her back. The characterization of the checks is important because if they are child support, then appellant must be credited as having paid that amount. If the checks are gifts, however, they cannot be considered as payment of an obligation arising from a divorce decree. Delaney v. Delaney (1981), 195 Mont. 259, 635 P.2d 1306. At trial, the District Court had the opportunity to listen to testimony of each party and observe their behavior and demeanor and it concluded the checks were gifts.

7

Appellant also tendered a $50.00 money order to respondent specifically for child support after this action was commenced. Respondent viewed this as part of appellant's attempt to reduce the monthly support from $200.00 to $50.00, and feared her acceptance of the money order might be viewed as acceptance of a support reduction in general. She therefore returned the money order to appellant.

We hold that the District Court's findings as to the gifts and the money order are not clearly erroneous and should be affirmed.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8